UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY L. DAVIS,

    *Plaintiff*,

    v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

    *Defendants*.

Civil Action No. 24‑2195 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Former inmate Anthony L. Davis, proceeding pro se, sued the U.S. Department of Justice and the U.S. Parole Commission seeking money damages for alleged constitutional violations related to parole eligibility decisions made in 2020. The Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons below, the Court grants the motion and dismisses the case for lack of jurisdiction under Rule 12(b)(1).

### FACTUAL AND PROCEDURAL BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Nearly twenty years ago, a jury in the District of Columbia convicted Mr. Davis of "first-degree murder while armed, possession of a firearm during a crime of violence, and carrying a pistol without a license." Compl. at 4–5, ECF No. 1. He was sentenced to "thirty years to life" in August 1996. *Id.* at 5. Mr. Davis appears to have become eligible for parole on March 26, 2020, *see id.* at 4, but he did not "get reviewed by the parole board until October 28, 2020," nearly seven months later, *see id.* When Mr. Davis received his parole hearing, he appears to have been denied parole because he "failed to take responsibility for his actions" and for "three . . . infractions that

took place over [a] 6-15 year period of time previous to his parole eligibility." *Id.* at 3. As a result, Mr. Davis "ended up serving 31 extra months." *Id.* at 14. After "be[ing] reexamined by the USPC [Parole Commission]" on August 28, 2022, Mr. Davis was released from prison on December 21, 2022. *Id.* at 12.

According to Mr. Davis, he filed a motion in D.C. Superior Court in February 2021, which that court denied because "the code provides that petitions for writs directed to federal offenders and employees shall be filed in the U.S. District Court for the District of Columbia." *Id.* at 5. Mr. Davis says that he then filed a motion in this Court in March 2021, which the Court "failed to process . . . because of [a] mix up" and because "the conditions that [COVID-19] placed on prisoners made it difficult for Mr. Davis to move forward[.]" *Id.*

On July 25, 2024, Mr. Davis filed this lawsuit against the U.S. Department of Justice and the U.S. Parole Commission seeking damages for the delay and denial of his parole in 2020. *Id.* at 1, 3–4. Mr. Davis styles this lawsuit as a "civil action authorized by" 42 U.S.C. § 1983, *see id.* at 2, and he cites the "1987 Regulations" and the "1991 Policy Guidelines" that "govern D.C. Code Offenders seeking parole," *id.* at 2. He also references the Ex Post Facto Clause, the Eighth Amendment, and the Equal Protection Clause as bases for providing him relief. *Id.* at 2, 6–7, 13. His pleadings make three primary allegations. First, he argues that the Commission violated his constitutional rights by "den[ying] [his] parole . . . because he 'failed to take responsibility for his actions[,]' [w]hich . . . is not a factor to be determined under the 1987 Regulations Manual." *Id.* at 3; *see id.* Ex. C. Second, he contends that the Commission violated his "constitutional rights" by "den[ying] [him] parole . . . because of three . . . infractions that took place over [a] 6–15 year period of time . . . in violation of the 1991 Policy Guidelines[.]" *Id.* And third, he alleges that the Commission violated the Equal Protection Clause because "[he] did not get reviewed by the parole

2

board until October 28, 2020," even though he was eligible on March 26, 2020. *Id.* at 4. Mr. Davis states that the Defendants' "extreme and unjustifiable" acts "caused [him] to suffer emotional distress for having to serve more prison time" and "psychological harms" for which he is entitled to compensation. *Id.* at 14.

On February 3, 2025, the Defendants moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Defs.' Mot., ECF No. 7. This Court directed Mr. Davis to respond to the motion by April 3, 2025, and warned that if he failed to respond, the Court might "(1) treat the Motion as conceded[ ]; (2) rule on the Motion based on the Defendants' arguments alone and without considering [his] arguments; or (3) dismiss [his] claims for failure to prosecute[.]" Fox/Neal Order at 1, ECF No. 8; *see also Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Mr. Davis has not responded to the Defendants' motion, and he has not requested more time to do so.

## LEGAL STANDARD

Plaintiffs bear the burden of establishing subject-matter jurisdiction, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61 (1992), and that applies with equal force to pro se plaintiffs, *see Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993). In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), courts must "construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (internal quotation marks and citations omitted).

## DISCUSSION

Mr. Davis seeks "compensation" for the "extreme distress" resulting from the Defendants' decisions to delay and deny his parole in 2020. Compl. at 14. The Defendants urge dismissal under

3

Rule 12(b)(1), or alternatively, under Rule 12(b)(6). *See* Defs.' Mot. at 1. Because the Court lacks

subject-matter jurisdiction, it dismisses the case without prejudice under Rule 12(b)(1).

"It is axiomatic that the United States may not be sued without its consent and that the

existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212

(1983). The doctrine of sovereign immunity shields the federal government and its agencies from

suit absent an explicit waiver. *See FDIC v. Meyer*, 510 U.S. 471, 477 (1994). A waiver of sovereign

immunity "must be unequivocally expressed in statutory text . . . and will not be implied[.]" *Lane*

*v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). If sovereign immunity has been waived, that

waiver "will be strictly construed, in terms of its scope, in favor of the sovereign[.]" *Id.* And the

plaintiff "bears the burden of establishing that sovereign immunity has been abrogated." *Stone v.*

*Holder*, 859 F. Supp. 2d 48, 51 (D.D.C. 2012). "Dismissal for lack of subject-matter jurisdiction

under Rule 12(b)(1) is appropriate if a claim is barred by sovereign immunity." *Groce v.*

*Rodriguez*, 743 F. Supp. 3d 244, 248 (D.D.C. 2024).

## A.    42 U.S.C. § 1983

Mr. Davis invokes 42 U.S.C. § 1983, *see* Compl. at 2, which provides a cause of action for

the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by

any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State

or Territory," 42 U.S.C. § 1983. He alleges that the Defendants violated his constitutional rights

when they improperly delayed and ultimately denied his parole. *See* Compl. 3–4. But an action

under § 1983 is only available against state actors, *see* 42 U.S.C. § 1983, and the U.S. Department

of Justice and the U.S. Parole Commission are federal entities, *see Settles v. U.S. Parole Comm'n*,

429 F.3d 1098, 1106 (D.C. Cir. 2005) (the Commission "retains the immunity it is due as an arm

of the federal sovereign" despite its role administering parole for District of Columbia Code

offenders). The Court thus dismisses any claim under § 1983 for lack of jurisdiction. *See Bolden-Bey v. U.S. Parole Comm'n*, 731 F. Supp. 2d 11, 14 (D.D.C. 2010) (finding the court lacked subject-matter jurisdiction to entertain a plaintiff's claim for money damages against the Parole Commission absent a waiver of the United States's sovereign immunity); *Harris v. Holder*, 885 F. Supp. 2d 390, 397 (D.D.C. 2012) (same for the Department of Justice).

### B.    Federal Torts Claims Act (FTCA)

The FTCA provides a limited waiver of sovereign immunity, permitting certain tort claims against the United States. *See Richards v. United States*, 369 U.S. 1, 6 (1962). Although Mr. Davis does not explicitly mention the FTCA in arguing that he should be compensated for "emotional distress" and "psychological harms," Compl. at 14, 3–4, the Court will construe them as arising under the FTCA because they sound in tort, *see Hoai v. Superior Ct. of D.C.*, 539 F. Supp. 2d 432, 434 (D.D.C. 2008) ("[P]ro se plaintiffs are not required to use specific legal terms or phrases[.]"). But the FTCA does not help Mr. Davis for two reasons.[1]

*First*, the FTCA only waives sovereign immunity for certain tort claims. The Complaint alleges violations of Mr. Davis's constitutional rights, *see* Compl. 3–4, and the FTCA does not waive sovereign immunity for constitutional tort claims, *see FDIC*, 510 U.S at 478 ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."). The Complaint also seeks punitive damages, Compl. at 14 ("The defendant has shown reckless and callous indifference towards [Mr. Davis's] rights which amounted to punitive damages."), but "the

---

[1] The United States is the only proper defendant in an FTCA lawsuit. *See, e.g.*, *Hall v. Admin. Off. of the U.S. Courts*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007). Because Mr. Davis is proceeding pro se, the Court construes his Complaint as one against the United States. *See, e.g.*, *Lineberry v. Fed. Bureau of Prisons*, 923 F. Supp. 2d 284, 291 n.5; *Bell v. U.S. Department of Justice*, No. 18-cv-2928, 2019 WL 2931334, at *3 n.3 (D.D.C. July 8, 2019).

FTCA expressly precludes the recovery of . . . punitive damages," *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 577 (D.C. Cir. 2003) (citing 28 U.S.C. § 2674).

*Second*, a plaintiff must administratively exhaust an FTCA claim before bringing suit by timely presenting that claim to the appropriate federal government agency. *See* 28 U.S.C. § 2675(a) (requiring that a claimant shall have "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail"); *see also Stoddard v. U.S. Parole Comm'n*, 900 F. Supp. 2d 38, 41 (D.D.C. 2012). The burden of proving exhaustion rests with the plaintiff, *see id.* (citing *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987)), and "fail[ure] to heed that clear statutory command" requires dismissal of the claim for lack of subject-matter jurisdiction, *McNeil v. United States*, 508 U.S. 106, 113 (1993). Mr. Davis provides no proof that he exhausted his administrative remedies before filing this lawsuit, mandating dismissal. *See McNeil*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

## CONCLUSION

For these reasons, the Court grants the Defendants' Motion to Dismiss, ECF No. 7, and dismisses the Complaint without prejudice.

A separate order will issue.

 

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:    May 15, 2025